John Piava Ligero, et ux.
vs. } No. 82115.
Rafael C. Martins

February 16, 1932.

BLODGETT, P. J. Heard without intervention of a jury.

Action to recover damages for death of minor son of plaintiffs by reason of an automobile collision. Accident occurred in Bristol in 1927.

Two boys were sitting on the tail-board of a delivery truck driven by defendant, and were there by permission of defendant. Defendant backed his truck from the front of his store, situated on a street leading off High Street, towards High Street and came into collision with a truck being driven on said High Street by an employee of the National Sales Company of Fall River. One of the boys jumped off the tailboard before the collision; the other boy was thrown off and died as a result of his injuries.

A release given by the plaintiffs in this case to the National Sales Co. was pleaded as a bar to the present action.

"Separate actions may be maintained against joint tort feasors and a judgment against one joint tort feasor can not be pleaded in bar of an action against another for the same cause of action."

*Parmenter* v. *Bosworth,* 21 R. I. 410.

One of the boys on the tail-board testified that he shouted to the defendant that the other truck was coming. The defendant was guilty of negligence in backing his truck from a side street into a main highway without using extreme care as to vehicles approaching on the main street, and there is no testimony on the part of defendant that such care was used. The boy killed was twelve years of age. Apparently he was seated on the truck by invitation, or at least to the knowledge and by the consent of the driver. The Court cannot say that a boy twelve years of age was guilty of contributory negligence under the circumstances.

There were six children in the family. The father claimed to be earning $25 per week on the average. The minor was twelve at the time of death.

It is a matter of extreme difficulty to determine what damages should be assessed under the circumstances and under the rule laid down by our own court. As has been said by our court in *Schnable* v. *Public Market,* 24 R. I. 477, the question is one peculiarly for the jury.

In this present action a plea (4th plea) was filed by defendant setting forth that the plaintiffs, by their release duly executed under seal, released the National Sales Co., owner of the truck which collided with the defendant's truck, from all claim for damages by reason of the death of Antonio Piava Ligero, and received $1,200 therefor.

To this plea plaintiffs' replication sets forth that said release should not bar them from having their action against an alleged joint tort feasor. It is admitted that plaintiffs received $1,200 by reason of said death.

The opinion in the case of *Parmenter* v. *Bosworth,* 21 R. I. 410 (supra), does not reveal whether the judgment obtained was collected or attempted to be collected.

In *Alice Roberts* v. *R. I. Co.,* 41 R. I. 235, plaintiff brought action against the R. I. Co. as a joint tort feasor, after having obtained judgment against the City of Pawtucket for the same injury in the sum of $500. In above action the R. I. Co. filed a plea in bar setting forth the former judgment. To this plea plaintiff demurred and the demurrer was sustained.

The distinction which is drawn in the Roberts case is that the two causes of action, one against the municipality, the other against the R. I. Co., differ, as the one against the municipality is a statutory action, while the other is for a distinct cause, viz.: neglect to keep in repair that part of the highway lying between the rails of the company, a duty also required of said company by statute. It is difficult to distinguish between the two causes as both occurred by reason of failure on the part of the R. I. Co. and the municipality to perform a duty required by statute and not by the common law.

In case of joint tort feasance satisfaction by anyone liable discharges the claim for damages. The injured person is legally entitled to but one satisfaction.

*Rogers* v. *Cox,* N. J. Supreme Court, 66, 432.

In the case of *Parmenter* v. *Bosworth,* 21 R. I. 410 (*supra*), judgment was finally rendered for the defendant. Nothing appears upon the record to show whether the judgment obtained against the other joint tort feasor was collected. The plea in bar filed by defendant discloses that a judgment was obtained by the same plaintiff for the same cause of action against one Rouse B. Chase, and the Court held the plea did not bar the action against Bosworth.

The Court is of the opinion that in the present case plaintiffs, having received a substantial sum of money, to wit, $1,200, for the death of said minor

child, and having given a release under seal for all damages by reason of said collision to one of two joint tort feasors, are precluded from recovery by reason of the same accident against the other joint tort feasor, as decided in *Rogers* v. *Cox*, N. J. S. C. 66, 432, and *Roberts* v. *R. I. Co.*, 41 R. I. 235.

Decision for defendant.

For plaintiffs: Tillinghast, Morrissey & Flynn.

For defendant: Fergus J. McOsker.